Deng v. Lynch
BIA
Christensen, IJ
A200 924 585

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

DI DENG,
> *Petitioner,*

v.                                                 **14-1920**
                                                   **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Gary J. Yerman, Yerman & Associates, LLC, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Acting Assistant Attorney General; Blair O'Connor, Assistant Director; Timothy Bo |

Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Di Deng, a native and citizen of China, seeks review of a May 21, 2014 decision of the BIA affirming the September 30, 2011 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Di Deng*, No. A200 924 585 (B.I.A. May 21, 2014), *aff'g* No. A200 924 585 (Immig. Ct. N.Y.C. Sept. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications that, like Deng's, are governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the

totality of the circumstances," base a credibility determination on inconsistencies in an asylum applicant's statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). In Deng's case, substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably afforded less weight to Deng's testimony regarding his detention because it was vague in comparison to other testimony. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). The vagueness finding was bolstered by numerous inconsistencies in the record.

Second, the agency reasonably relied on Deng's inconsistent statements regarding whether he had problems with the police after his arrest. Deng initially testified that, following his arrest, he had no "further problems" with the police. However, he later testified that he went into hiding because the police continued to look for him. The agency was not required to credit his explanation that he meant only that

3

the police had not beaten him again, because the open-ended question whether he had "any further problems" with police encompassed more than beatings. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Third, the agency also reasonably considered Deng's failure to mention in his asylum application and personal statement that he went into hiding following his arrest. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Although Deng's personal statement and a letter from his parents mentioned that Deng was often "harassed" by police following his arrest, neither stated that he went into hiding for any period of time. The agency was not compelled to credit Deng's explanation for the omission— that he "forgot" to mention that he went into hiding. *See Majidi*, 430 F.3d at 80-81.

Having questioned Deng's credibility, the agency reasonably determined that his corroborating evidence did not rehabilitate his claim or independently satisfy his burden of proof. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the inconsistencies and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of his claims for asylum,

4

withholding of removal, and CAT relief as they rest on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5